

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS        AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXXXXXXX
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Mr. Butler:          Opinion No. 0-7245
                           Re: Whether the provisions of
                               Article 4685, or any other
                               applicable statute, requires
                               that the authorized capital
                               stock of the types of out-
                               of-state insurers named here-
                               in, must be subscribed and
                               fully paid in before such
                               companies may be admitted to
                               do business in Texas.

        This Department is in receipt of your request for
an opinion on the above-captioned subject, which request is
as follows:

        "This Department has pending the applications
of admittance into Texas of an out-of-state life,
health and accident insurance company, an out-of-
state fire insurance company and an out-of-state
casualty insurance company, all of which have actual
subscribed and paid up capital stock in amounts
sufficient to admit them here but their charters also
authorize capital stock in amounts in excess of the
figure which is actually subscribed and paid up.

        "Please advise me whether Article 4686, or any
other applicable statute, requires that the authorized
capital stock of the above types of out-of-state in-
surers must be subscribed and fully paid in before
such companies may be admitted to do business in Texas.

        "For your ready reference the following opinions
from your Department touch upon this matter: August
27, 1913, June 26, 1922, September 15, 1932, August 20,
1924 and July 26, 1925."

        The opinions referred to by you are: (1) Opinion of
B. F. Looney, Attorney General, written by C. M. Cureton,
First Assistant Attorney General, to Hon. W. W. Collier,

Commissioner of Insurance, dated August 27, 1913; (2) Opinion
of W. A. Keeling, Attorney General, written by Frank M. Kemp,
Assistant Attorney General, to Hon. Ed Hall, Commissioner of
Banking and Insurance, dated June 26, 1922; (3) Opinion of
W. A. Keeling, Attorney General, written by Eugene A. Wilson,
Assistant Attorney General, to Honorable John M. Scott, Insur-
ance Commissioner, dated August 20, 1924; (4) Opinion of Dan
Moody, Attorney General, written by Wright Morrow, First
Assistant Attorney General, to Hon. John M. Scott, Commissioner
of Insurance, dated July 26, 1925; and (5) Opinion of James
V. Allred, Attorney General, written by Sidney Benbow, Assis-
tant Attorney General, to Hon. W. A. Tarver, Chairman, Board
of Insurance Commissioners, dated September 15, 1932, all of
which opinions have been given careful consideration.

Article 4686, Revised Civil Statutes of Texas, 1925,
as amended by Acts of 1933, 43rd Legislature, page 420, chapter
164, paragraph 1, and Acts 1943, 48th Legislature, page 607,
chapter 352, paragraph 1, is as follows:

"1. No individual, group of individuals, associa-
tion or corporation, unless now or hereafter otherwise per-
mitted by Statute, shall be permitted to engage in the
business of insuring others against those losses which may
be insured against under the laws of this State. Should
the Board of Insurance Commissioners be satisfied that any
insurance carrier applying for a certificate of authority has
in all respects fully complied with the law; and that if a
stock company, its capital stock has been fully paid up, that
it has the required amount of capital and surplus to policy-
holders; it shall be its duty to issue to such carrier a cer-
tificate of authority under its seal authorizing such carrier
to transact insurance business, naming therein the particular
kinds of insurance, for the period of not more than fifteen
(15) months, and not extending more than ninety (90) days be-
yond the last day of February next following the date of said
certificate. Any such carrier who may now be doing business
within the State of Texas shall on and after the first day of
January, 1944, be required to comply with all of the provisions
as set out by this Act.

"2. The word 'carrier' as herein used in defined
as that type of insurer which, in consideration of premium,
issues policies to others insuring against those losses which
may be insured against under the provisions of the law, in-
cluding stock companies, mutual companies, reciprocals or
inter-insurance exchanges, and Lloyd' Associations. Pro-
vided that the Board of Insurance Commissioners shall give
preference to applications of domestic companies in checking
and approving annual statements and issuing certificates of
authority." (Emphasis added)

The amendatory Act of 1945 amended the first sentence of the foregoing Act which was added by the amendatory Act of 1933, by adding the words "association or corporation." The amendatory Act of 1933 also added the third sentence in paragraph 1 and the first sentence of paragraph 2. These are the only material changes from the original Act of 1909, page 205, Sec. 40, codified in the 1911 revision as Article 4497.

It is the opinion of this Department that the opinion of the Attorney General of Texas, dated June 26, 1922, written by Frank M. Kemp as Assistant Attorney General under the Hon. W. A. Keeling, Attorney General, a copy of which is attached, is a clear, comprehensive, and correct construction of Art. 4686, Revised Civil Statutes, 1925, when it was codified as Art. 4497 and as it now reads as amended as a part of the 1925 Revised Statutes, and such opinion is adopted as the opinion of this Department. Any parts of the other opinions above referred to which are in conflict therewith are accordingly overruled.

It being the manifest intention of the Legislature that Art. 4686 should apply to all foreign stock insurance companies applying for certicicates of authority to do business in Texas as life, health, and accident insurance companies, fire insurance companies, and/or casualty insurance companies, your department should require an affirmative showing in each of such applications that all of the authorized capital stock of the above types of foreign companies must be subscribed and fully paid before such companies can be admitted to do business in Texas.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/C. K. Richards
C. K. Richards,
Assistant

CKR:rt:wc

APPROVED JUNE 13, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by s/BWB Chairman